UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| GEORGE PETTY and LOUISE BARTHOL | * | CIVIL ACTION NO. 13-2207 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SAFECO INSURANCE COMPANY OF ILLINOIS, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

<u>MEMORANDUM RULING</u>

On July 3, 2013, Defendant, Safeco Insurance Company of Illinois, removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). By separate order entered this date, the undersigned granted remaining Plaintiff Louise Barthol's unopposed motion for leave to amend her complaint to join former Plaintiff, George Petty, as a defendant. (Aug. 27, 2013, Order [doc. # 12]).[1] Both George Petty and Louise Barthol are domiciliaries and citizens of Louisiana. *See* Petition; Notice of Removal; Suppl. & Amend. Compl.

The law is clear that when a plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction, the court may: 1) deny joinder, or 2) permit joinder and remand to state court. 28 U.S.C. § 1447(e). Having permitted joinder herein, remand to state court is not only proper, it is mandatory. *Id*.; *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[2] Accordingly, by separate judgment, the court shall remand the matter to

---

[1] On August 26, 2013, George Petty voluntarily dismissed his claims against the original defendants. *See* M/Partial Dismissal and Judgment [doc. #s 9 & 10].

[2] In *Hensgens*, the Fifth Circuit vacated an amendment that allowed the joinder of a diversity-destroying defendant because the court and the parties did not recognize the effect of

the Fourth Judicial District Court for the Parish of Morehouse, State of Louisiana. 28 U.S.C. § 1447(e).[3]

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of August, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

the amendment. *Hengens, supra*. Since *Hensgens*, however, Congress has enacted § 1447(e) which sets forth the ramifications of a post-removal joinder.

[3] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*